UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN ALEX GUAMANGATE-GUAMANGATE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26cv929 DRL-SJF |

# OPINION AND ORDER

Immigration detainee Kevin Alex Guamangate-Guamangate, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that the government has wrongfully concluded that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) while his removal proceedings are pending. He seeks an order requiring that he be immediately released from custody or, alternatively, provided a bond hearing pursuant to 8 U.S.C. § 1226(a). When he filed the petition, he was being detained at Miami Correctional Facility. However, the Warden states Mr. Guamangate-Guamangate was recently granted voluntary departure, and immigration officials facilitated his departure to Ecuador on July 23, 2026. Based on this development, the Warden moves to dismiss the petition as moot.

"For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated." *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006)). "This means that, throughout the litigation, the

plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation and internal quotation marks omitted). Here, the court can no longer grant Mr. Guamangate-Guamangate the relief he seeks, because he has departed the country and is no longer in custody. *See Cedeno-Gonzalez v. Mullin*, No. 25-3186, 2026 WL 2269139, 2 (7th Cir. Aug. 6, 2026) (immigration habeas petitioner's claims concerning his detention were moot upon his removal to Mexico). It is Mr. Guamangate-Guamangate's burden as the party invoking federal jurisdiction to establish that the court's jurisdiction remains secure. *Selcke v. New England Ins. Co.*, 2 F.3d 790, 792 (7th Cir. 1993). He has not responded to the Warden's motion or provided any reason to suggest that the court retains jurisdiction over his petition challenging his detention after his departure from the United States. Therefore, the petition will be dismissed as moot.

Accordingly, the court GRANTS the motion to dismiss [5], DISMISSES the petition [1] as MOOT, and DIRECTS the clerk to close this case.

SO ORDERED.

August 31, 2026

*s/ Damon R. Leichty*
Judge, United States District Court